Matter of the Estate of SAMA T. RIPKA, Deceased.

Surrogate's Court, New York County, March, 1922.

Transfer tax — New York Central and Hudson River Railroad Company stock owned by non-resident decedent is taxable on that portion of the value of the stock which the mileage in the state of New York bears to the total mileage — debts, funeral and administration expenses prorated.

After a non-resident decedent had acquired certain shares of the stock of the New York Central and Hudson River Railroad Company, it consolidated with several corporations organized in five states other than New York. It appeared that in all but one of the several states of incorporation of the consolidated company no distinction was made for the purpose of the transfer tax between the stock of the old and new corporations and that in these states a tax was imposed on the transfer of the stock owned by decedent. *Held*, that a transfer tax will be assessed on that portion of the value of said stock which the mileage in the state of New York bears to the total mileage of the new corporation with deduction of the funeral and administration expenses and debts properly prorated.

An order imposing a transfer tax upon the entire value of the shares of stock owned by decedent in the New York Central and Hudson River Railroad Company amended accordingly.

APPEAL from an order fixing a transfer tax.

*Root, Clark, Buckner & Howland* (*Emory R. Buckner, Cloyd LaPorte*, of counsel), for executor.

*Lafayette B. Gleason* (*Schuyler C. Carlton*, of counsel), for state tax commission.

COHALAN, S. This appeal is taken by the executor of the estate from the order fixing the transfer tax on the ground:

(1) That the tax has been imposed on the entire value of the

shares of stock owned by the decedent in the New York Central and Hudson River Railroad Company.

(2) That no deduction from the value of the taxable property within this state has been made for debts, funeral and administration expenses.

The decedent died July 7, 1919, a resident of the state of Massachusetts. Among the assets of her estate taxable in this state were 190 shares of stock of the New York Central and Hudson River Railroad Company, a New York corporation. These have been appraised at $81 per share and the total of $15,390 included in the valuation of the taxable New York estate.

By agreement dated December 23, 1914, subsequent to the time when decedent acquired the stock, the above-mentioned railroad company consolidated with several corporations organized in five states other than New York, the resulting corporation being known as the New York Central Railroad Company.

The executors, since taking this appeal, have submitted an affidavit in which it appears that in all but one of the several states of incorporation of the consolidated company no distinction is made for the purpose of the transfer tax between the stock of the old and new corporations and that a tax was imposed in these states on the transfer of the stock owned by the decedent. The tax in this proceeding should be assessed on that portion of the value of the stock which the mileage in this state bears to the total mileage. *Matter of Cooley*, 186 N. Y. 220; *Matter of Thayer*, 193 id. 430; *Matter of Rumrill*, N. Y. L. J. June 28, 1921.

The funeral and administration expenses and debts legally deductible and properly prorated will be allowed. Submit order on notice amending taxing order as indicated above.

Ordered accordingly.